UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Holding a Criminal Term**

**Grand Jury Sworn in on April 30, 2026**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| **v.** | : | **VIOLATIONS:** |
| | : | **18 U.S.C. § 2119** |
| **NELSON BRYANT,** | : | **(Carjacking)** |
| **DEONTE LANE,** | : | **18 U.S.C. § 1201(a)(1)** |
| **MALIK WILKINS, and** | : | **(Kidnapping)** |
| **ROGEA MURRAY** | : | **18 U.S.C. § 1951** |
| | : | **(Interference with Interstate Commerce by** |
| **Defendants.** | : | **Extortion)** |
| | : | **18 U.S.C. § 1951** |
| | : | **(Committing and Threatening Physical** |
| | : | **Violence in Furtherance of a Plan to Extort** |
| | : | **H.G.)** |
| | : | **18 U.S.C. §§ 924(c)(1)(A)(ii)** |
| | : | **(Using, Carrying, and Brandishing a** |
| | : | **Firearm During a Crime of Violence)** |
| | : | **18 U.S.C. § 2** |
| | : | **(Aiding and Abetting)** |
| | : | **22 D.C.C. § 3302(a)(1)** |
| | : | **(Unlawful Entry (Private Property))** |
| | : | |
| | : | **FORFEITURE:** |
| | : | **18 U.S.C. § 924(d); 21 U.S.C. § 853(p); and** |
| | | **28 U.S.C. § 2461(c)** |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

On or about June 15, 2026, within the District of Columbia and elsewhere, **Nelson Bryant**,

**Deonte Lane**, and **Malik Wilkins** took a motor vehicle, to wit: a silver 2005 BMW X3 bearing a

Maryland license plate, that had been transported, shipped, and received in interstate and foreign

commerce, from and in the presence of H.G., by force, violence, and intimidation, with the intent to cause death and seriously bodily harm.

(**Carjacking and Aiding and Abetting**, in violation Title 18, United States Code, Section 2119 and 2)

## COUNT TWO

On or about June 15, 2026, within the District of Columbia and elsewhere, **NELSON BRYANT**, **DEONTE LANE**, and **MALIK WILKINS**, did unlawfully and knowingly use, carry, and brandish, during and in relation to, and did possess in furtherance of, a crime a violence, for which they may be prosecuted in a court of the United States, that is Carjacking, as charged in Count One of this Indictment, which is incorporated herein, a firearm.

(**Using, Carrying, Possessing, and Brandishing a Firearm During a Crime of Violence and Aiding and Abetting**, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2)

## COUNT THREE

Between on or about June 15, 2026 and on or about June 16, 2026, within the District of Columbia and elsewhere, **NELSON BRYANT**, **DEONTE LANE**, and **MALIK WILKINS**, did unlawfully and willfully seize, confine, kidnap, abduct, and carry away H.G., and, in committing and in furtherance of the commission of that offense, used a means, facility, and instrumentality of interstate or foreign commerce, that is, a black 2013 Audi A4 and a silver 2005 BMW X3, which are vehicles, and cellular phones.

(**Kidnapping and Aiding and Abetting**, in violation of Title 18, United States Code, Section 1201(a)(1) and 2)

## COUNT FOUR

Between on or about June 15, 2026 and on or about June 16, 2026, within the District of Columbia and elsewhere, **NELSON BRYANT, DEONTE LANE, MALIK WILKINS,** and

2

**ROGEA MURRAY**, did unlawfully obstruct, delay, and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, section 1951, and the movement of articles and commodities in such commerce, by extortion as that term is defined in Title 18, United States Code, Section 1951, in that **NELSON BRYANT, DEONTE LANE, MALIK WILKINS**, and **ROGEA MURRAY**, did unlawfully take and obtain, and attempt to take and obtain, property consisting of Marijuana, the property of H.G., with H.G.'s consent induced by the wrongful use of force, violence, and fear.

    **(Interference with Commerce by Extortion and Aiding and Abetting**, in violation of Title 18, United States Code, Sections 1951, and 2)

## COUNT FIVE

Between on or about June 15, 2026 and on or about June 16, 2026, within the District of Columbia and elsewhere, **NELSON BRYANT, DEONTE LANE, MALIK WILKINS**, and **ROGEA MURRAY**, together with others, did knowingly and intentionally commit and threaten physical violence to H.G., in furtherance of a plan and purpose to obstruct, delay, and affect commerce, and the movement of articles and commodities in commerce, by extortion, to wit: a plan and purpose to obtain marijuana from a commercial property located at 1278 5th Street NE, Washington, D.C., from H.G., with his consent, which consent was to be induced by wrongful use of actual and threatened force, violence, and fear of physical injury.

    **(Committing and Threatening Physical Violence in Furtherance of a Plan to Extort H.G. and Aiding and Abetting**, in violation of Title 18, United States Code, Sections 1951, and 2)

## COUNT SIX

Between on or about June 15, 2026 and on or about June 16, 2026, within the District of Columbia and elsewhere, **NELSON BRYANT, DEONTE LANE, MALIK WILKINS**, and **ROGEA MURRAY** did unlawfully and knowingly use, carry, and brandish, during and in relation

to, and did possess in furtherance of a crime a violence for which they may be prosecuted in a court of the United States, that is Committing and Threatening Physical Violence in Furtherance of a Plan to Extort H.G., as charged in Count Five of this Indictment, which is incorporated herein, a firearm.

**(Using, Carrying, Possessing, and Brandishing a Firearm During a Crime of Violence and Aiding and Abetting,** in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2)

## COUNT SEVEN

On our about June 16, 2026, within the District of Columbia, **NELSON BRYANT, DEONTE LANE, MALIK WILKINS,** and **ROGEA MURRAY,** without lawful authority, did enter and attempt to enter certain property, that is 625 Hamlin Street NE, Apartment 6, Washington, D.C., against the will of L.S., the lawful occupant thereof and the person lawfully in charge thereof.

**(Unlawful Entry (Private Property),** in violation of 22 D.C. Code, Section 3302(a)(1) (2001 ed.)

## FORFEITURE ALLEGATION

1.    Upon conviction of a violation of 18 U.S.C. § 2119 as charged in this Indictment, the defendants shall forfeit to the United States any property, real or personal, which represents or is traceable to the gross proceeds obtained, directly or indirectly, as a result of these violations, pursuant to Title 18, United States Code, Section 982(a)(5) and Title 28, United States Code, Section 2461(c). The United States will also seek a forfeiture money judgment against the defendants equal to the value of any property, real or personal, which represents or is traceable to

4

the gross proceeds obtained, directly or indirectly, as a result of these violations. constitutes or is derived from proceeds traceable to these offenses.

2.      Upon conviction of a violation of 18 U.S.C. § 924(c)(1)(A)(ii),  as charged in this Indictment, the defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense, including but not limited to a Glock 19, a Gock 27, a Taurus G2C, a Glock 23 and associated magazines and ammunition.

4.      Upon conviction of any of a violation of 18 U.S.C. § 924(c)(1)(A)(ii), or 18 U.S.C. § 2119 as charged in this Indictment, the defendants shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses, pursuant to Title 18, United States Code, Section 981(a)(1)(F) and Title 28, United States Code, Section 2461(c). The United States will also seek a forfeiture money judgment against the defendants equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses.

5.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a)      cannot be located upon the exercise of due diligence;

(b)      has been transferred or sold to, or deposited with, a third party;

(c)      has been placed beyond the jurisdiction of the Court;

(d)      has been substantially diminished in value; or

(e)      has been commingled with other property that cannot be subdivided without difficulty;

5

the defendants shall forfeit to the United States any other property of the defendants, up to the

value of the property described above, pursuant to Title 21, United States Code, Section 853(p),

as incorporated by Title 28, United States Code, Section 2461(c).

> (**Criminal Forfeiture**, pursuant to Title 18, United States Code, Sections 853(p), 981(a)(1)(F), 982(a)(5), 3665, and 924(d)); and Title 28, United States Code, Section 2461(c))

Jeanine Ferris Pirro                                        A TRUE BILL:
United States Attorney


By: Gauri Gopal                                            FOREPERSON.
Chief, Federal Major Crimes


6